AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>PEDRO ALBERTO MARTIN-XON<br><br>*Defendant(s)* | Case No.<br>3:25-mj- 1014-MCR |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of January 26, 27, 2025 in the county of St. Johns in the Middle District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 USC § 1326(a) | Illegal reentry into the United States following a prior deportation. |

This criminal complaint is based on these facts:
See Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Matthew A. Zetts, Border Patrol Agent, USBP
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/27/25

_____
*Judge's signature*

City and state: Jacksonville, FL        Monte C. Richardson, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Matthew A. Zetts, Jr., being a duly sworn and appointed Border Patrol Agent for the United States Department of Homeland Security, Customs and Border Protection, United States Border Patrol, hereby make the following affidavit in support of a criminal complaint against Pedro Alberto MARTIN-XON:

1. I have been a Border Patrol Agent ("BPA") for over 15 years. I have training and experience in the enforcement of the immigration and nationality laws of the United States. In addition, I have training and experience in the preparation, presentation, and service of criminal complaints and arrest warrants.

2. The statements contained in this affidavit are based on my personal experience and observations as well as the experiences and observations of fellow Border Patrol Agents and other law enforcement officers as they have described and communicated them to me. This affidavit does not contain every fact regarding the investigation, but rather only sufficient facts that I believe establish probable cause for the filing of this criminal complaint.

3. On January 26, 2025, BPA William McCray assisted Homeland Security Investigations ("HSI") with a tip of potential illegal aliens residing at 235 Holland Drive, St. Augustine, Florida 32095.

4. HSI Special Agent ("SA") Nathan Smith was conducting surveillance at 235 Holland Drive, St. Augustine, Florida 32095. At approximately 11:22 a.m., SA Smith witnessed six Hispanic individuals exit the house and get into a black 2007

Honda van with a Florida license plate of JXJZ42. SA Smith called St. John's County Sheriff's Office Deputy Brian Armenta to inform him the van left the residence.

5.     Deputy Armenta followed the black 2007 Honda van from the residence. At approximately 11:27 a.m., Deputy Armenta witnessed the van run a stop sign near the intersection of Abbotts Way and Holland Drive. Deputy Armenta conducted a traffic stop on the van. Deputy Armenta issued a warning to the driver, who was identified as Pedro Alberto MARTIN-XON, for the stop sign violation.

6.     After Deputy Armenta issued the warning, BPA McCray, dressed in a full Border Patrol uniform, identified himself as a BPA to MARTIN-XON in Spanish. BPA McCray asked MARTIN-XON what country he was a citizen of. MARTIN-XON replied he was from Guatemala. BPA McCray asked MARTIN-XON if he had any immigration documents to allow him to be in the United States legally. MARTIN-XON said he did not. BPA McCray placed MARTIN-XON under administrative arrest for being illegally present in the United States and transported him to the HSI station in Jacksonville, Florida for record checks and processing.

7.     At the HSI station, I queried the U.S. Customs and Border Protection Super Query database on the subject's name and date of birth.  Records revealed MARTIN-XON had a prior removal from the United States on or about January 3, 2019, and was issued an Alien Registration Number (A-number) of 201 456 554. Records revealed that MARTIN-XON had no claims or applications that would allow him to be in the United States legally.

8. At the HSI Station, MARTIN-XON's fingerprints, name, and date of birth were entered into the E3/NextGen processing database. This system is routinely used by Border Patrol Agents to check and record the biometric data, including fingerprints, of individuals encountered in the field and to compare it to other known previously encountered or previously deported individuals. The E3/NextGen database positively identified MARTIN-XON as the same Guatemalan citizen that was illegally present in the United States and had been issued the A-number of 201 456 554.

9. The E3/NextGen database confirmed that MARTIN-XON did not have any immigration documents or applications that would allow him to enter, pass through, or remain in the United States legally. There was no record that MARTIN-XON had ever applied for or received permission from the Attorney General or the Secretary of Homeland Security for the United States to re-enter the United States since the time of his last deportation or removal.

10. Based upon the foregoing facts, I have probable cause to establish that Pedro Alberto MARTIN-XON is a citizen of the Guatemala who was been found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to

apply for admission to or re-enter the United States after having been deported or removed from the United States, in violation of Title 8, United States Code, Section 1326.

_____
Matthew A. Zetts, Jr., Border Patrol Agent
United States Border Patrol
Jacksonville, Florida

Sworn to before me this 27th day of January 2025.

_____
MONTE C. RICHARDSON
United States Magistrate Judge

4